IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WARLITA A RIVAC & SEVERINO J RIVAC,   )<br>  )<br>              Plaintiffs,   )<br>  )<br>       vs.   )<br>  )<br>CAPITAL ONE, N.A.,   )<br>  )<br>              Defendant.   )<br>_____   ) | CIVIL NO. 11-00002 JMS/KSC<br><br>ORDER DENYING PLAINTIFFS' EX PARTE PETITION FOR PRELIMINARY INJUNCTION AND REQUEST FOR TEMPORARY INJUNCTION |

### ORDER DENYING PLAINTIFFS' EX PARTE PETITION FOR PRELIMINARY INJUNCTION AND REQUEST FOR TEMPORARY INJUNCTION

On January 3, 2011, Plaintiffs Warlita A. Rivac and Severino J. Rivac ("Plaintiffs") filed this action, bringing claims against Defendant Capital One, N.A. for violation of the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), and various state law claims (including breach of fiduciary duty) stemming from alleged misconduct regarding a mortgage loan Plaintiffs apparently took out on property located at 91-1668 Kuuwelu Place, Ewa Beach, Hawaii 96706

(the "Subject Property").¹  The Complaint alleges wrongdoing regarding a broker, an appraiser, a closing agent, and the lender.  Compl. at 2-10.  Only the lender, however, is named as a defendant.  *Id.* at 1.

Also on January 3, 2011, Plaintiffs filed an Ex Parte Petition for Preliminary Injunction (hereinafter "Motion"), requesting a "temporary injunction" and seeking to enjoin Defendant from "foreclosing the property."  *Id.* at 2 & ¶ 6.  The stage of foreclosure proceedings is unclear from the Motion and Complaint.  The Motion alleges that Defendant has scheduled an eviction for December 15, 2010, and that the foreclosure sale has already taken place.  *Id.* ¶¶ 7, 12.  But the Motion also asks this court to enjoin Defendant without notice because Plaintiffs will suffer irreparable harm if the sale is allowed to take place.  *Id.* ¶ 12.

Plaintiffs' Motion is deficient for several reasons.  First, to the extent Plaintiffs seek a Temporary Restraining Order ("TRO"), a court may issue a TRO without written or oral notice to the adverse party only if the party requesting the

---

¹ The body of the "Original Petition" (hereinafter referred to as the "Complaint") filed by Plaintiffs refers to the address of Plaintiffs as 91-1668 Kuuwelu Place, Ewa Beach, Hawaii 96706, although in the caption Plaintiffs refer to their current address as 722 Callaway St., San Leandro, California.  For details of the transaction and the "legal definition of the property," the Complaint refers to several exhibits purported to be loan documents, notes and contracts.  Compl. at 1-2, 4-5.  The exhibits, however, were not attached to the Complaint.  The address of the Subject Property was also referred to in Plaintiffs' Motion.  Given these filings, the court assumes for present purposes that the Subject Property is 91-1668 Kuuwelu Place, Ewa Beach, Hawaii 96706, but that Plaintiffs reside at their California address.

relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In addition, the movant or his attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

As to the first requirement, although Plaintiffs have submitted a verified Complaint, it does not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Rather, the Motion appears to be attempting to enjoin some matters that have already occurred and, as explained below, Plaintiffs have not otherwise met the necessary standard for granting the Motion.

As to the second requirement, Plaintiffs have not certified in writing any efforts made to put Defendant on notice of the Motion, nor have they offered any reason as to why notice should not be required. Further, to the extent Plaintiffs seek a preliminary injunction, a court may "issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Absent such notice, the court cannot consider a motion for preliminary injunction.

Further, Plaintiffs' Motion fails to establish why Plaintiffs are entitled

to relief. "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *see also Burgess v. Forbes*, 2009 WL 416843, at *2 (N.D. Cal. Feb. 19, 2009); *Magnuson v. Akhter*, 2009 WL 185577, at *1 (D. Ariz. Jan. 27, 2009). In *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008), the Supreme Court explained that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." So long as all four parts of the *Winter* test are applied, "a preliminary injunction [may] issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010) (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).

Plaintiffs' Motion states in wholly conclusory fashion that "Plaintiff has reason to believe and does believe that Defendants committed numerous acts of fraud against Plaintiff in furtherance of a carefully crafted scheme intended to defraud Plaintiff." Mot. ¶ 4. As purported support, the Motion states that

> Plaintiff, in an attempt to short sale the subject property a few times as early as [sic] late part of 2009, had a schedule to close the short sale purchase/sale agreement with the buyers August 1, 2010 but Capital One, N.A. refused to grant the request to posponed [sic] the scheduled trustee sale July 22, 2010.  The trustee sale prevented the closing of the short sale purchase/sale agreement.

*Id.* ¶ 5.  Plaintiffs fail to explain why they are likely to succeed on the merits, why they will likely suffer irreparable harm in the absence of preliminary relief, why the balance of equities tips in their favor, and why an injunction is in the public interest.  According to the Motion, it appears that a trustee sale took place on July 22, 2010 and that an eviction had been scheduled for December 15, 2010.  These are events that already occurred, and that the court cannot enjoin.[2]  There are no allegations indicating that the eviction had been postponed and is now rescheduled for a later date.

Even if the foreclosure process in still ongoing, Plaintiffs argue that harm will result if the Subject Property sits vacant because "Plaintiff will suffer

---

[2] Plaintiffs have not asked for a mandatory injunction, which would require Defendant to unwind a sale that has already taken place and to rescind an eviction that already occurred.  In any event, a higher standard applies to a mandatory preliminary injunction, which "orders a responsible party to take action," as opposed to a prohibitory preliminary injunction, which "preserves the status quo pending a determination of the action on the merits."  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citations and internal quotation marks omitted).  "[M]andatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'"  *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1980)).

loss of the use of said property and will loose [sic] opportunity to maintain same and defendant will suffer loss by having to maintain an empty property that cannot be insured." Mot. ¶ 9. Plaintiffs contend that the public interest will be served by granting an injunction because a vacant property will "create opportunity for vandalism and further other criminal activity." *Id.* ¶ 10. Neither of these reasons meets the standard necessary to enjoin the foreclosure proceedings. They are, at best, unfortunate consequences of many foreclosures.

Moreover, even a cursory review of the allegations in the Complaint indicates that it is not likely Plaintiffs will succeed on the merits, especially of a claim under TILA for rescission of the subject transaction. The Complaint alleges that the loan transaction occurred in May of 2007. Compl. ¶¶ 14, 15. TILA, however, contains an absolute statute of repose in 15 U.S.C. § 1635(f) barring "any [TILA rescission] claims filed more than three years after the consummation of the transaction." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)). The three-year period is not subject to equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (stating that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures). Plaintiffs cannot succeed on a claim for rescission under

TILA.  There also is no basis under present circumstances for imposing a fiduciary duty on a lender to a borrower.  *See, e.g.*, *McCarty v. GCP Mgmt., Inc., LLC*, 2010 WL 4812763, at *5 (D. Haw. Nov. 17, 2010) ("Lenders generally owe no fiduciary duties to their borrowers.") (citing cases).

For these reasons, the court DENIES Plaintiffs' Ex Parte Petition for Preliminary Injunction and Request for Temporary Restraining Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 4, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Rivac, et al. v. Capital One, N.A.*, Civ. No. 11-00002 JMS/KSC; Order Denying Plaintiffs' Ex Parte Petition for Preliminary Injunction and Request for Temporary Injunction